# IN RE KATZENBERGER.

----

PATENTS; PATENTABILITY; RELATED ARTS.

1. Where a distinct advance has been made by an applicant for a patent in a given art, and the question of patentability is close, it will be resolved in favor of the applicant, especially where his claims are specific. (Following *Re Eastwood*, 33 App. D. C. 291.)

2. Where an application for an improvement in spring hinges was rejected on a reference to a patent on a furniture caster, it was *held* that the arts were not related, and that the fact that the patent was ten years old when the hinge application was filed was evidence of the lack of adaptability to the hinge art of the construction shown in the patent.

3. The idea of providing a ball race in the ears of an antifriction hinge, *held* to be invention, and not mere mechanical improvement.

No. 1107. Patent Appeals. Submitted May 16, 1917. Decided June 8, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting claims of an application for a patent.

*Reversed.*

The facts are stated in the opinion.

*Mr. Perry B. Turpin* and *Mr. Myron G. Clear* for the appellant.

*Mr. T. A. Hostetler* and *Mr. W. R. Ballard* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal by Oscar Katzenberger is from a ruling of the Patent Office disallowing five claims, of which the 1st and 2nd, here reproduced, are illustrative:

"1. In a hinge of the class described, a pair of leaves formed with bent-up ends extending normal to the body of the leaves and with the extreme part of each end offset from the center line of the other part of the end so that the extreme portions of the ends of the leaves may overlap, both ends of one leaf being offset towards the center and both ends of the other leaf being offset away from the centers, said offset portions being provided with a ball race, balls arranged in said ball race, a pintle extending through said end members, and a spring surrounding said pintle, said spring being formed with projecting ends adapted to act against said leaves.

"2. In a hinge of the class described, a pair of leaves formed with bent-up ends extending normal to the body of the leaves, each of said bent-up ends being formed with pressed-out portions and providing in a ball race at each end of the hinge, balls arranged in said ball race, a pintle extending through said bent-up ends, and a spring surrounding said pintle, said spring being formed with projecting ends adapted to act against said leaves."

The alleged invention, as will be gathered from a reading of the above claims, relates to a spring hinge comprising two leaves with upstanding ears at either end, a pintle passing therethrough, and a spring surrounding the pintle. The ears are offset, one leaf outwardly and the other inwardly, and a groove is pressed in the contracting surface of each ear to form a ball race for ball bearings. The Patent Office, being of the view that the stamping of these circular depressions for the balls in

what the Office conceived to be an ordinary sheet metal screen-door hinge did not rise to the dignity of invention, especially in view of the patent to Graham, No. 804,809, rejected the claims. The Graham patent is on a furniture caster and shows a ball race for the bearings, but necessarily constructed in quite a different manner from applicant's ball race. Moreover, we do not think it reasonably may be said that a furniture caster is a related art. The purpose of such a device is radically different from that of a screen-door hinge, and the fact that that patent was granted ten years before the filing of the present application is evidence that the adaptability of the construction there shown to the hinge art was not so obvious as the Patent Office has been led to believe.

Applicant's claims are specific. In other words, he is not claiming a bearing formed in sheet metal parts, but merely a particular type of hinge described in his specification, and which obviously possesses utility and points of superiority over the prior art. Apparently he is the first to conceive an antifriction hinge, the only additional cost of which is for the balls. Having in mind that where a distinct advance has been made in a given art and the question of patentability is close, it will be resolved in favor of the applicant, especially in cases where, as here, the claims are specific, we incline to the view that there is patentable novelty in applicant's combination. *Re Eastwood,* 33 App. D. C. 291. In other words, the idea of providing a ball race in the ears of the hinge was somewhat beyond the vision of a mere mechanic.

The decision, therefore, is reversed, and claims 1 and 2, or their equivalents, allowed.                          *Reversed.*

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.